FILED
OCT 24 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLAKE ROBERT JOHNSTON, )<br>)<br>Defendant. )<br>_____) | No. 4-14-mj-71320 MAG<br><br>**DETENTION ORDER** |

On October 24, 2014, I heard the government's motion to detain Mr. Johnston. Assistant United States Attorney Christina McCall appeared for the government. The defendant was present with his counsel, Mark Goldrosen. After careful consideration of the parties' proffers and arguments as well as the pretrial services report, I grant the government's motion. In so holding, I have considered the following factors:

1. The defendant is charged in a criminal complaint with a violation of 18 U.S.C. Sec. 2423(b) - Traveling With Intent To Engage In Illicit Sexual Conduct. This raises a presumption that defendant is a risk of nonappearance and a

1

1  danger to the community. 18 U.S.C. Sec. 3142(e)(3)(E).

2.  If convicted, the defendant faces up to 30 years in prison. The government has proffered that the defendant is likely to face additional charges relating to the distribution and production of child pornography. Though there is some evidence of a risk of flight given the defendant's history of travel to Mexico and the serious charges and lengthy prison time he faces, I am satisfied that I could fashion a release bond, secured by the substantial equity in his mother's home, together with the other stringent release conditions discussed during the hearing, that would reasonably assure that the defendant would make his appearances.

3.  The government proffered extensive evidence that defendant is a danger to the community, which defendant did not directly challenge. Rather, he contended that the release conditions he proffered were adequate to assure the safety of the community.

4. Defendant has failed to rebut the presumption that he is a danger to the community. The defendant has exhibited an alarmingly casual nature with respect to the acts of which he is accused. For example, the defendant brought his thirteen year old daughter with him while traveling to Oregon to pick up the underage victim, and engaged in sexual acts with the victim in a car while his daughter was asleep in the same car. Further, the defendant's daughter referred to the victim as the defendant's "girlfriend" with whom he was in bed when police arrived at the defendant's home to arrest him.

3. The government proffered that the defendant possessed

a significant amount of electronic media containing what appear to be communications with underage girls and images and videos of child pornography. Much of this communication and transfer of images has taken place on smart phones and other portable devices of which defendant appears to be a sophisticated user. Unlike desktop cumputers, it can be difficult for Pretrial Setrvices to control access to portable devices.

4. The government proffered that the arresting agents recovered many sexually explicit communications with or about underage girls, including some, such as with the victim and others, that reflect a willingness on the part of the underage girls to travel to the defendant. I cannot conceive of any condition of release which could effectively control who visits him. Confining the defendant to his mother's home, as his counsel suggested, would not prevent the victim or others from visiting the defendant. Moreover, the defendant's mother works part time and would be unable to monitor his movements and activities at all times. Nor was she able to influence his life positively in respect to the matters presented by the government's proffers.

5. The defendant appears to have a drug problem. Some methamphetamine and a syringe were found in the defendant's home at the time of his arrest.

6. There is a substantial amount of evidence that defendant has an unhealthy interest in young girls and I find that no conditions of release would reasonably assure the community that he would not act on that interest.

3

1  In light of the foregoing, and for the other reasons
2 discussed at the hearing, I conclude that the government has
3 established by clear and convincing evidence that the defendant
4 would present a danger to the community if released.  None of
5 the conditions proposed by the defendant or of which I have been
6 able to conceive would adequately assure the safety of the
7 community.

8  Based on the foregoing, the government's motion to detain
9 is **GRANTED**.  **IT IS HEREBY ORDERED** that:

10  (1) The defendant be, and hereby is, committed to the
11 custody of the Attorney General for confinement in a corrections
12 facility separate, to the extent practicable, from persons
13 awaiting or serving sentences or being held in custody pending
14 appeal;

15  (2) The defendant be afforded reasonable opportunity
16 for private consultation with his counsel; and

17  (3) On order of a court of the United States or on
18 request of an attorney for the government, the person in charge
19 of the corrections facility in which the defendant is confined
20 shall deliver the defendant to an authorized Deputy United
21 States Marshal for the purpose of any appearance in connection
22 with a court proceeding.

24 Dated: October 24, 2014

Bernard Zimmerman
United States Magistrate Judge